### SCHUSTER v. ARSCOTT.

(Supreme Court, Appellate Term. June 5, 1908.)

1. APPEAL AND ERROR—DISMISSAL—APPEAL FROM NONEXISTENT JUDGMENT.
    Where no judgment has been entered below, an appeal from a supposed judgment must be dismissed.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 875.]

2. NEW TRIAL—GROUNDS.
    A verdict for defendant in an action for two months' rent was properly set aside, where the alleged constructive eviction relied on as a defense did not occur until after one month's rent was due, assuming that defendant's counterclaim was properly withdrawn by the trial court, and if it was improperly withdrawn the withdrawal afforded good ground for vacating the verdict.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by William Schuster against David R. W. Arscott. From a supposed judgment for plaintiff, and from an order, defendant appeals. Appeal dismissed as to supposed judgment, and order affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Albert E. Rahm, for appellant.

Jacob Stiefel, for respondent.

PER CURIAM. The action is for rent for December, 1907, and January, 1908, under a written lease. The answer sets up as a separate defense a constructive eviction, and also counterclaims for damages to defendant arising from being compelled to move out in consequence of the acts and omissions of plaintiff. The jury brought in a verdict in favor of defendant; the counterclaim having been withdrawn from the jury by the court. The court granted an order setting aside the verdict as against the evidence, and setting the cause down for trial on a certain day, unless defendant consented to the entry of a judgment against him for $42.50, the rent of December. Defendant appeals from a judgment and order.

As no judgment was entered, the appeal therefrom must be dismissed. So far as the order is concerned, it was proper for the justice to set aside the verdict, as the rent for the month of December, 1907, was already due at the time of the alleged constructive eviction, so that plaintiff was evidently entitled to the rent for that month, and should have had judgment for the amount of said rent, assuming the justice was correct in withdrawing the counterclaim from the jury, while, on the other hand, if the justice, as claimed by defendant, improperly refused to submit the counterclaim to the jury, such alleged error evidently affords another reason for allowing a new trial. This latter question, however, it is not necessary to decide on this appeal.

The appeal from the nonexistent judgment is dismissed, and the order setting aside the verdict is affirmed, with costs.